FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 11, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GRISELDA B., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | NO: 1:21-CV-03079-LRS <br><br> ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 13, 14. This matter was submitted for consideration without oral argument. Plaintiff is represented by Attorney D. James Tree. Defendant is

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER ~ 1

represented by Special Assistant United States Attorney Joseph J. Langkamer. The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed. For the reasons discussed below, the Court **GRANTS**, in part, Plaintiff's Motion for Summary Judgment, ECF No. 13, **DENIES** Defendant's Motion for Summary Judgment, ECF No. 14, and remands the case to the Commissioner for additional proceedings.

## JURISDICTION

Plaintiff Griselda B.[2] protectively filed an application for Supplemental Security Income (SSI) on May 1, 2018, Tr. 58, alleging an onset date of July 18, 2017, Tr. 141, due to mental-emotional problems, arthritis, spinal disc problems, pain in the back and legs, anxiety, posttraumatic stress disorder (PTSD), paranoia, severe depression, migraines, asthmas, hypertension, "blood phoritias-eye irritation," and sleep apnea, Tr. 157. Plaintiff's applications were denied initially, Tr. 98-98, and upon reconsideration, Tr. 102-04. A hearing before Administrative Law Judge Chris Stuber ("ALJ") was conducted on June 11, 2020. Tr. 39-57. Plaintiff was not represented by counsel and testified at the hearing. *Id*. The ALJ also took the testimony of vocational expert Diane Kramer. *Id*. The ALJ entered an unfavorable decision on October 30, 2020. Tr. 22-34. The Appeals Council

---

[2]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

denied review on April 22, 2021.  Tr. 1-5.  Therefore, the ALJ's October 30, 2020 decision became the final decision of the Commissioner.  The matter is now before this Court pursuant to 42 U.S.C. §§ 405(g); 1383(c).  ECF No. 1.

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner.  Only the most pertinent facts are summarized here.

Plaintiff was 30 years old at the date of application.  Tr. 141.  She left school during the seventh grade, Tr. 388, but she completed her GED in 2006, Tr. 158.  Plaintiff's reported work history includes jobs as an office assistant, produce sorter at a warehouse, and donation sorter at a warehouse.  Tr. 159, 175.  At application, she stated that she stopped working on May 5, 2018 because of her conditions.  Tr. 158.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to

ORDER ~ 3

"more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot,

ORDER ~ 4

considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the

ORDER ~ 5

enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience.  20 C.F.R. § 416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).  If the claimant is not capable of adjusting to

ORDER ~ 6

other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of application, May 1, 2018. Tr. 24. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the spine; obesity; PTSD; personality disorder; depression; and anxiety. Tr. 25. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 25. The ALJ then found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b) with the following limitations:

> she is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk about 2 hours in an 8-hour workday and can sit about 6 hours. She should never climb ladders, ropes, or scaffolds. She can occasionally stoop and kneel, but never crawl. She can have only occasional exposure to extreme cold, extreme heat, hazardous machinery, unprotected heights, and irritants, such as; fumes odors, dust, gases, and poorly ventilated areas. She is able to understand, remember, and carryout simple, routine instructions but duties should be rote and predictable. She can have occasional

interactions with supervisors and coworkers, but only brief and superficial interactions with the public.

Tr. 27. At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 32. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that Plaintiff could perform, including marker II, small parts assembler, and collator operator. Tr. 33. The ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from the date of application, May 1, 2018, through the date of the decision. Tr. 34.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her SSI under Title XVI. ECF No. 13. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly addressed the medical opinions; and
2. Whether the ALJ properly addressed Plaintiff's symptom statements.

## DISCUSSION

**1.    Medical Opinions**

Plaintiff challenges the ALJ's treatment of the opinions of Terri Brummet, MSW/LICSW/CMHS/DMHS and Tasmyn Bowes, Psy.D. ECF No. 13 at 14-20.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence.

ORDER ~ 8

*Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c.  The new regulations provide that the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources.  20 C.F.R. § 416.920c(a).  Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source.  20 C.F.R. § 416.920c(c).  The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program).  *Id.*  The regulations emphasize that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how he considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding.  20 C.F.R. § 416.920c(b).  The ALJ may explain how he considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record.  *Id.*

        Supportability and consistency are further explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

ORDER ~ 9

> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c).³

### A.    Terri Brummet, MSW/LICSW/CMHS/DMHS

On August 14, 2017, Ms. Brummet completed a WorkFirst Documentation Request Form for the Washington State Department of Social and Health Services (DSHS). Tr. 292-94. She diagnosed Plaintiff with PTSD and major depressive disorder and stated that her work activity should be limited to 1-10 hours a week. Tr. 292. Ms. Brummet stated that Plaintiff "reports difficulty concentrating, isolating behaviors, low motivation and negative self[-]talk along [with] hyper vigilance and suicidal ideation. She is currently struggling with being in public settings for extended periods of time." Tr. 292. She stated that Plaintiff's lifting

---

³The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations, specifically whether an ALJ is still required to provide specific and legitimate reasons for discounting a contradicted opinion from a treating or examining physician. ECF Nos. 13 at 14-16, 14 at 9-11. The Court finds resolution of this question unnecessary to the disposition of this case.

ORDER ~ 10

1   and carrying limitations were unknown.  Tr. 293.  She estimated that the above

2   limitations would last 18 weeks.  Tr. 293.

3         On January 9, 2018, Ms. Brummet completed a second WorkFirst form for

4   DSHS.  Tr. 287-89.  She diagnosed Plaintiff with PTSD and major depressive

5   disorder and stated that limited her work activity to 11-20 hours a week.  Tr. 287.

6   She stated that Plaintiff's lifting and carrying limitations were unknown.  Tr. 288.

7   She explained that Plaintiff "struggles with lack of motivation, uncontrolled worry

8   and fear of what others think.  She reports often times feeling that she cannot

9   advocate for herself because she would rather avoid than engage in any real or

10  imagined confrontation."  Tr. 287.  She stated Plaintiff's limitations would last for

11  six to nine months.  Tr. 288.

12        On June 4, 2018, Ms. Brummet completed a third WorkFirst form for

13  DSHS.  Tr. 326-28.  She diagnosed Plaintiff with PTSD and depressive disorder

14  and stated limited her work activity to 1-10 hours a week.  Tr. 326.  She stated that

15  Plaintiff "struggles with social interactions and personalizing the behaving of

16  others."  Tr. 326.  She stated that Plaintiff's lifting and carrying limitations were

17  unknown.  Tr. 327.  She stated that the limitations would last for six months.  Tr.

18  327.

19        The ALJ failed to discuss these opinions in his decision.  This is an error.

20  The ALJ is required to "articulate in [his] determination or decision how

21  persuasive [he found] all of the medical opinions. . ."  20 C.F.R. § 416.920c.

ORDER ~ 11

Defendant argues that the forms completed by Ms. Brummet do not qualify as medical opinions, but are statements made on issues reserved for the Commissioner, and therefore, are not required to be discussed.  ECF No. 14 at 14-15.  Defendant is accurate that statements on issues reserved to the Commissioner are "inherently neither valuable nor persuasive" and the ALJ will not provide any analysis about how he considered such evidence in his decision.  20 C.F.R. § 416.920b(c).  Statements on issues reserved to the Commissioner include "[s]tatements that you are or are not disabled, blind, able to work, or able to perform regular or continuing work."  20 C.F.R. § 416.920b(c)(3)(i).  Defendant argues that Ms. Brummet's forms are statements that Plaintiff is not able to perform regular or continuing work.  ECF No. 14 at 15.  However, Ms. Brummet's statements are more consistent with the definition of a medical opinion: "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) . . ." including "[y]our ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting."  20 C.F.R. § 416.913(a)(2)(i)(B).  The narrative portion of Ms. Brummet's opinions that Plaintiff has low motivation, difficulty concentrating, and struggles with social interactions results in these opinions aligning with the definition of a medical source statement under 20 C.F.R. § 416.913 instead of a statement on an issue

ORDER ~ 12

reserved for the Commissioner under 20 C.F.R. § 416.920b. Therefore, this case is remanded for the ALJ to properly address Ms. Brummet's opinions.

      **B.**      **Tasmyn Bowes, Psy.D.**

Plaintiff also challenges the ALJ's determination that Dr. Bowes' opinion was not persuasive. ECF No. 13 at 18-20. Considering the case is being remanded for the ALJ to address three medical source opinions and the ALJ is required to address the consistency of Dr. Bowes' opinion with evidence from other medical sources, 20 C.F.R. § 416.920c(c)(2), the ALJ will readdress Dr. Bowes' opinion on remand.

**2.**      **Plaintiff's Symptom Statements**

Plaintiff argues that the ALJ erred in the treatment of her symptom statements. ECF No. 13 at 7-14.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995), but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical

ORDER ~ 13

evidence and other evidence in the record for the reasons explained in this decision." Tr. 29. The ALJ specifically found that Plaintiff's statements were not supported by the objective medical evidence and her reported activities. Tr. 29-31.

### A. Objective Medica Evidence

The first the reason the ALJ provided for rejecting Plaintiff's symptom statements, that they were inconsistent with the medical evidence, is not specific, clear and convincing. Objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects," but it cannot serve as the only reason for rejecting a claimant's credibility. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). As discussed below, the only other reason provided by the ALJ failed to meet the specific, clear and convincing standard. Therefore, the ALJ's determination that Plaintiff's symptom statements were not consistent with the medical evidence cannot meet the specific, clear and convincing standard.

### B. Reported Activities

The ALJ's second reason for rejecting Plaintiff's symptom statements, that they were inconsistent with Plaintiff's reported activities, is not specific, clear and convincing. A claimant's daily activities may support an adverse credibility finding if (1) the claimant's activities contradict his other testimony, or (2) "the claimant is able to spend a substantial part of his day engaged in pursuits involving performance of physical functions that are transferable to a work setting." *Orn v.*

ORDER ~ 14

*Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).  "The ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Id.* (quoting *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005)).  A claimant need not be "utterly incapacitated" to be eligible for benefits.  *Fair*, 885 F.2d at 603.

Here, the ALJ found that Plaintiff's activities of performing personal care, preparing meals, driving a car, cleaning, visiting with family and friends, shopping, watching television, listening to music, caring for her children, and attending medical appointments amounted to "a high level of activity" and was inconsistent with her reported symptoms.  Tr. 31.  The Ninth Circuit has warned ALJs against using simple household activities against a person when evaluating their testimony:

> We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.

*Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014).  The ALJ did not discuss the details of these activities and how they were inconsistent with Plaintiff's symptom statements.  Therefore, these activities are nothing more than the household activities discussed in *Garrison*, and this reason fails to meet the specific, clear and convincing standard.

///

ORDER ~ 15

### C. Conservative Treatment

Both parties address the ALJ's statement that Plaintiff "received conservative treatment consisting of pain medications and physical therapy" as a finding that Plaintiff's conservative treatment was inconsistent with her symptom statements. ECF Nos. 13 at 11-12, 14 at 6. However, the ALJ failed to make such a finding. Instead, he summarized the medical evidence and used the reference to conservative treatment as an intro to a paragraph summarizing Plaintiff's physical therapy records. Tr. 29. He never linked the conservative treatment to undermining Plaintiff's symptoms statements. This Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630. Therefore, the Court will not address whether Plaintiff's symptom statements were inconsistent with her conservative treatment.

The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. *See* 20 C.F.R. § 416.929(c); S.S.R. 16-3p. Therefore, in light of the above stated errors and the case being remanded for the ALJ to readdress the medical source opinions in the file, a new assessment of Plaintiff's subjective symptom statements will be necessary.

## CONCLUSION

Plaintiff requests that the Court remand the case for an immediate award of

ORDER ~ 16

benefits. ECF No. 13 at 20.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ will supplement the record with any

ORDER ~ 17

outstanding evidence.  He will address the opinions of Ms. Brummet and readdress the opinion of Dr. Bowes and Plaintiff's symptom statements.  Furthermore, he will call a vocational expert to testify at any remand proceedings.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 13, is **GRANTED, in part,** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, ECF No. 14, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** April 11, 2022.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER ~ 18